UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEHU-KESSA-SAA TABANSI, aka :
ALFONSO PERCY PEW, :
    Plaintiff :
  :
v. : CIVIL NO. 3:CV-12-0585
  :
PRISON HEALTH SERVICES, INC., : (Judge Kosik)
et al., :
    Defendants :

## MEMORANDUM

I.    **Background**

Sehu-Kessa-Saa Tabansi, also known as Alfonso Percy Pew, originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Texas.[1] (Doc. 1, Compl.) At the time of said filing, Plaintiff was confined at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania. It appears that since the filing of the complaint, he was transferred to the State Correctional Institution at Frackville, and is currently

---

[1] Plaintiff has at least three (3) strikes for purposes of 28 U.S.C. § 1915(g). However, because he sets forth allegations in the complaint that the court must accept as credible which allege that he was in imminent danger of serious bodily harm as a result of the acts alleged in the complaint at the time of the complaint's filing, at this juncture, the court must permit him to take advantage of the imminent danger of serious bodily harm exception to § 1915(g), and will grant his in forma pauperis motion.

incarcerated at the State Correctional Institution at Rockview, Pennsylvania.

In the complaint, he alleges that Defendants have denied him medical treatment for severe hypertension and sciatica during his confinement at SCI-Smithfield. He also generally sets forth claims of conspiracy and retaliation. Named as Defendants are companies alleged to have contracted to provide health services to inmates at the prison, as well as specific SCI-Smithfield medical personnel.[2] Also included in the complaint is a request for the appointment of counsel in this matter. (Doc. 1-4.) The action has since been transferred to this court from the Western District of Texas. The case is presently before the court for screening and, following review thereof, service of the complaint will be directed. However, there are also a number of motions pending that will be addressed herein.

## II. Discussion

### A. Motion for Counsel

Plaintiff's requests for the appointment of counsel are based on grounds including the following: (1) he is indigent and cannot afford paper and envelopes; (2) he is not permitted to have a dictionary; (3) he is provided only eight (8) free envelopes per month; (4) he does not have access to a paralegal or legal services; and

---

[2] The companies named are PHS, Inc., and Corizon, Inc. Also named are Dr. Long, Dr. Agra, Physician Assistants Poland and Mahute, and Health Care Administrator Dreibelbis. Several groups of Doe defendants are also named in the caption of the complaint.

2

(5) he is unable to meet court deadlines based upon the foregoing. (Docs. 1-4, 19.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of the instant motions, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motions fail to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and cite to pertinent legal authority. While Plaintiff appears to argue that his incarceration and indigency limit him in his ability to litigate this action, the docket reveals otherwise. He continues to submit motions and briefs in support thereof, and does not appear at all limited by the number of envelopes provided to him by the prison. Further, if Plaintiff were ever in need of additional time within which to submit a filing, he could request an extension from the court. In addition, the legal issues presented are not overly complicated. The docket clearly reveals that Plaintiff has the ability to litigate this action on his own. He is able to prepare and submit documents in this action, and is capable of comprehending orders from the court. Plaintiff is clearly literate and, while it is true that he is incarcerated, he clearly appears able to litigate this action on

4

his own. The case is also in the initial stages and, at this time, there is no indication that Plaintiff is unable to forge ahead with this action. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motions for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

B. **Motions for injunctive relief**

Also pending on the docket are two motions wherein Plaintiff requests injunctive relief. (Doc. Nos. 4, 12.) It is well recognized that the adjudicatoroy power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. Id. at 459 n. 10 (citations omitted). "Past exposure to the illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison

5

moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.")

In the case sub judice, it is apparent that Plaintiff is no longer confined at SCI-Smithfield where the alleged unconstitutional actions are alleged to have occurred. Plaintiff has since been transferred. In the complaint, Plaintiff claims that Defendants Mahute, Poland, Long and Agra were directly responsible for stopping his medications. However, Plaintiff is no longer confined at the prison where said Defendants are employed. In light of these circumstances and Plaintiff's confinement at a new prison, it would appear that he is no longer subjected to the conditions serving as the basis for his complaint. Consequently, Plaintiff's claims for injunctive relief are moot and will be dismissed.[3]

### C.   Motion to Correct Caption of Complaint

Pending is a motion filed by Plaintiff to make a correction to the caption of the complaint with respect to the identity of the Defendants. (Doc. 6.) In the complaint, he names Prison Health Services, Inc. ("PHS") and Corizon, Inc. among the

---

[3] To the extent Plaintiff now contends that new individuals employed at the prison where he is currently confined are violating his constitutional rights in any way, these claims would serve as the basis for a new lawsuit.

defendants in this matter. He states that he has recently learned that these two entities have merged and now proceed under Corizon, Inc. As such, he requests that the caption reflect Corizon Inc. as a defendant and that Prison Health Services be eliminated as a named defendant in the caption since PHS has merged into Corizon, Inc. Plaintiff also provides the following address for Corizon, Inc., and requests that it be placed in the docket: "105 West Park Drive, Suite 200, Brentwood, Tennessee, 37027." (Doc. 6 at 1.) The Clerk of Court will be directed to make these changes to the docket. An appropriate order follows.