UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SEHU-KESSA-SAA TABANSI, aka          :
ALFONSO PERCY PEW,                   :
      Plaintiff            :
                           :
    v.                       : CIVIL NO. 3:CV-12-0585
                           :
PRISON HEALTH SERVICES, INC.,        : (Judge Kosik)
et al.,                              :
      Defendants           :

**FILED
SCRANTON**

JUN 2 0 2014

PER _____

DEPUTY CLERK

**MEMORANDUM**

## I.    Background

Sehu-Kessa-Saa Tabansi, also known as Alfonso Percy Pew, filed this civil

rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants have denied him

medical treatment for severe hypertension and sciatica during his confinement at SCI-

Smithfield.  He also sets forth claims of conspiracy and retaliation.  He is currently

confined at SCI-Mahanoy, Pennsylvania.

Plaintiff has at least three (3) strikes for purposes of 28 U.S.C. § 1915(g).  He

does not dispute this fact.  However, in his complaint, he set forth allegations that the

court was required to accept as credible when initially screening this matter which

alleged that he was in imminent danger of serious bodily harm as a result of the acts

alleged in the complaint at the time of the complaint's filing.  Specifically, he claimed

that Defendants were refusing to treat his hypertension condition, thereby placing him in imminent danger of serious harm. For this reason, upon screening the complaint, the court was required to permit Plaintiff to take advantage of the imminent danger exception to § 1915(g), and grant his in forma pauperis motion. Service of the complaint was also directed. (Doc. 22.)

Following service, Defendants filed a joint motion to disallow Plaintiff from proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) (Doc. 42). In the motion, they challenged Plaintiff's allegations of imminent harm at the time he filed the above complaint, and submitted records evidencing that Plaintiff was being treated for his hypertension condition and was seen by medical personnel on an ongoing basis. (Doc. 47, Ex. 2.)

Based upon this evidence and Plaintiff's failure to contradict Defendants' submissions with his own evidentiary materials to support his bare allegations, a Memorandum and Order was issued on March 25, 2013, granting Defendants' joint motion to disallow Plaintiff from proceeding without prepayment of the filing fee. (Doc. 55.) His ifp status was revoked, and his complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). He was advised that if he submitted the full filing fee within twenty (20) days, his case would be reopened. He did not do so. Rather, he filed a motion seeking reconsideration of this court's Memorandum and Order of March 25, 2013. (Doc. 58.) The motion is without merit for the following

2

reasons.

## II.   Discussion

In the instant action, Plaintiff did not prepay the filing fee.  Rather, he used the required buzzwords in the complaint that he was under "imminent danger of serious physical harm."  He claimed that various medical personnel stopped his medication for severe hypertension thereby placing him in imminent danger of serious harm.

Defendants filed a motion challenging Plaintiff's allegations of imminent harm at the time he filed this action.  They maintained that at the relevant time, Plaintiff was being treated for his hypertension condition and was being seen by medical personnel on an ongoing basis.  In support thereof, Defendants submit the Declaration of Dr. Ronald A. Long, M.D., one of Plaintiff's treating physicians for the period of time he was at SCI-Smithfield.  (Doc. 47, Ex. 2.)  Therein, Long recites a summary of Plaintiff's treatment history.  Attached to the declaration were the medical records in support of Long's statements.  These exhibits undermined any claim by Plaintiff that he was being deprived of medication for his hypertension condition at the time of the filing of this action.  The records demonstrated that Plaintiff was on various medications including Vasotec, Norvasc, Dyazide, Lopressor and Lisinopril.  While at times certain medications were discontinued at Plaintiff's request, and others substituted, and certain medications were prescribed when Plaintiff preferred other medications, at no time was Plaintiff being denied or deprived medication and

3

treatment for his condition. While Plaintiff may have disagreed with the medications he was prescribed for his condition, the court found that the denial of medication of his choice did not equate to being denied medication and subjecting him to imminent harm.  See Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).  Plaintiff failed to provide the court with any evidence to contradict Defendants' submissions in support of his bare allegations.

Plaintiff files the instant "motion to vacate, alter, amend judgment nunc pro tunc." (Doc. 58.)  In the body of his motion he references both Federal Rules of Civil Procedure 59(e) and 60(b).  A motion for reconsideration under Rule 60 is the equivalent of a motion to alter or amend the judgment pursuant to Rule 59(e), and is a device of limited utility.  See Fonseca v. Sherman, 229 F. App'x 183, 185 (3d Cir. 2007)(finding that a Rule 60(b) motion, regardless of its title, was properly construed as a motion for reconsideration under Rule 59(e) because it raised no new arguments and its purpose was to "relitigate the original issue"), citing Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988).  A motion for reconsideration may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments already disposed of or as an attempt to relitigate a point of

4

disagreement between the court and the litigant. <u>Turner v. Apker</u>, 133 F. App'x 849, 850 (3d Cir. 2005). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." <u>Continential Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff fails to present an intervening change in law, new evidence not previously available or the need to correct a clear error of law or fact or to prevent manifest injustice. Rather, he comes forth with exhibits that he claims establish that he was in imminent harm at the time he filed the complaint in this action. First, even if this were true, such documents were clearly in existence at the time this action was filed, and Plaintiff never argued in response to Defendants' motion and exhibits that he was unable to obtain such evidence. More importantly, however, is the fact that the exhibits submitted by Plaintiff fail to contradict Defendants' records demonstrating that he was receiving medication and being treated for his hypertension at the time the complaint was filed. He merely submits copies of several laboratory reports conducted with respect to blood tests performed.

5

These lab reports do not contradict Defendants' evidence that Plaintiff was being seen and treated for his hypertension.  In fact, many of the blood test results reveal that Plaintiff was within acceptable levels or they are not even related to his hypertension condition.  For these reasons, the motion for reconsideration will be denied.